THE BUSINESS LAW GROUP
Andrew Longcore
  alongcore@businesslawgr.com
PO Box 126
Allendale, MI 49401
Telephone: (616) 528-0007
Facsimile: (616) 588-5954
Attorneys for Plaintiff PEACHWAVE LLC

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| PEACHWAVE, LLC, a Michigan limited liability company, | ) Case No.: <br> ) <br> ) **COMPLAINT FOR:** |
| Plaintiff, | ) |
| v. | ) **1) VIOLATION OF THE LANHAM ACT** <br> ) **2) TRADEMARK INFRINGEMENT** |
| GG ENTERPRISE LLC, an Oklahoma corporation, and KWANGSOO GO, an individual | ) **3) TRADEMARK DILUTION** <br> ) **4) UNFAIR COMPETITION** <br> ) **5) VIOLATION OF THE MICHIGAN** |
| Defendants. | )    **UNIFORM TRADE SECRETS ACT** |

Plaintiff, PEACHWAVE, LLC, complains and alleges against Defendants, GG ENTERPRISE LLC and Kwangsoo Go (collectively the "Defendants") as follows:

## PARTIES

1.    Plaintiff, Peachwave, LLC ("Plaintiff") is a limited liability company with its principal place of business in the County of Kent, State of Michigan.

2.    Defendant GG Enterprise LLC is limited liability company and believed to have its principal place of business in the County of Gwinnett, State of Georgia.

3.    Defendant Kwangsoo Go is an individual that resides in the County of Oklahoma, State of Oklahoma.

## JURISDICTION AND VENUE

4. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of Michigan. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related Michigan state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. Venue is proper in this judicial district under 28 U.S. Code § 1391(b) because a substantial part of property that is the subject of the action is situated in Ottawa County, Michigan.

## FACTUAL ALLEGATIONS

6. Plaintiff is a wholesale distributor of frozen yogurt products and other products that retail locations need to serve frozen yogurt products.

7. Plaintiff distributes its products to a network of licensees that Plaintiff permits to utilize its marks, trade secrets and trade dress.

8. On October 19, 2010, the United States Patent & Trademark Office ("PTO") issued U.S. Trademark Registration No. 3,865,796 for the mark PEACHWAVE in connection with "Frozen confectionery; Frozen confections; Frozen confections, namely, freezer pops; Frozen cookie dough; Frozen dessert consisting of fruit and cream or cream substitutes; Frozen soy-based desserts; Frozen yoghurt; Frozen yogurt; Frozen yogurt confections; Frozen yogurt mixes; Non-dairy frozen confections; Pre-

2

processed mixes for making non-dairy frozen confections. ." A true and correct copy of this registration is attached as Exhibit A.

9. On January 11, 2011, the PTO issued U.S. Trademark Registration No. 3,907,141 for the mark PEACHWAVE SELF SERVE FROZEN YOGURT in connection with "Frozen yogurt shop services in the nature of a restaurant." A true and correct copy of this registration is attached as Exhibit B.

10. Both U.S. Trademark Registration No. 3,865,796 and U.S. Trademark Registration No. 3,865,796 (the "Marks") registrations are in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the Marks throughout the United States.

11. One or both of the Defendants operate a retail location that sells frozen yogurt and frozen yogurt related products to consumers.

12. In order to increase sales of Defendants' products, Defendants engage in a number of activities that infringe, dilute, and tarnish Plaintiff's Marks, and constitute false advertising and unfair competition. For example, Defendants use, without authorization, Plaintiff's Marks, or confusingly similar variations thereof, on their storefront, frozen yogurt machines, menus, advertisements and marketing materials, cups, spoons and other materials.

13. Defendants, without authorization, have purchased or use a recipe book that Plaintiff provides to its licensees to ensure that all frozen yogurt and frozen yogurt products to ensure that all products sold under the Marks are uniform in nature.

14. Upon information and belief, Defendants hold their products out to be derived from the recipe book that Plaintiff provides to licensees but not all products are meet the uniform standards that Plaintiff requires of licensees causing customer confusion and causing damage to the reputation and image of Plaintiff.

15. Defendants' unauthorized use of Plaintiff's Marks, and confusingly similar variations thereof, as keywords and in the header and text of the resulting sponsored links, is likely to confuse, mislead, and deceive consumers as to the source of products available from Defendants. Moreover, the false statements that Defendants' provide Peachwave products are likely to mislead consumers as to the quality and characteristics of genuine Peachwave products.

16. On information and belief, Defendants know or should know that both Defendants are engaging in all of the activities alleged in this Complaint, and that the activities of both Defendants serve to confuse and lure potential customers to their retail store.

17. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendants' use of the Marks or any variations thereof in connection with the manufacture, marketing, or sale of any products or services.

18. On information and belief, Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's Marks.

19. Plaintiff sent a demand letter to Defendants June 26, 2015 informing them of Plaintiff's valuable trademark rights and demanding that they cease all use of the Marks and holding out their products to be Peachwave products.

20. On or about July 9, 2015 Plaintiff called the manager of the retail store informing them of Plaintiff's valuable trademark rights and demanding that they cease all use of the Marks and holding out their products to be Peachwave products.

21. As of the date of this Complaint, Defendants continue to use the Marks, and confusingly similar variations of the Marks, without authorization. Defendants continue to hold their products out to be Peachwave products. Defendants' failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the Marks and other trade secrets.

## FIRST CAUSE OF ACTION
**(Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against all Defendants)**

22. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 21 of this Complaint.

23. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the Marks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell their products constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

24. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

25. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales its products, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
**(Federal Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)**

26. Plaintiff repeats and incorporates by reference as though fully set forth in this paragraph, the allegations contained in paragraphs 1 through 25 of this Complaint.

27. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the famous Marks, and confusingly similar variations thereof, in commerce to advertise, market, and sell their products are likely to cause dilution by blurring and tarnishing the Marks in violation of 15 U.S.C. § 1125(c).

28. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. 1125(c).

29. On information and belief, the actions of Defendants described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of their products, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
### (Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) against all Defendants)

30. Plaintiff repeats and incorporates by reference as though fully set forth in this paragraph, the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Defendants' actions described above and specifically, without limitation, Defendants' use of the Marks, and confusingly similar variations thereof, in commerce to advertise, market, and sell their products; their use of misleading of the source of their products; their misrepresentations regarding products being Peachwave products; and Defendants use of Plaintiff recipe book, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

32. Consumers are likely to be misled and deceived by Defendants' representations that they are a Peachwave store and that they are selling Peachwave products.

33. Defendants knew or should have known that their statements were false or likely to mislead.

34. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

35. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales their products, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was

undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
**(Michigan Uniform Trade Secrets Act under MCL 445.1901 et al)**

36.     Plaintiff repeats and incorporates by reference as though fully set forth in this paragraph, the allegations contained in paragraphs 1 through 35 of this Complaint.

37.     The recipe books that Plaintiff provides to its licensee is a trade secret of Plaintiff under MCL 445.1902(d).

38.     The recipe book was developed by Plaintiff at great expense over many years and derived an independent, economic value from not being generally known or readily accessible through proper means to persons other than Plaintiff employees and licensees of Plaintiff.

39.     Plaintiff has taken steps which were reasonable under the circumstances to maintain the secrecy and confidentiality of its confidential and proprietary information including requiring its licensees to execute restrictive agreements which contain confidentiality clauses.

40.     Defendants acquired the recipe book through improper means.

41.     Defendants knew its use of the recipe book without paying the agreed upon price was improper and yet it still continues to use the recipe book.

42.     Defendants have continued their misappropriation of Plaintiff's trade secrets through the continued marketing and selling of products based on Plaintiffs recipes.

43. Defendants have been unjustly enriched and Plaintiff has been damaged by Defendants' misappropriation of the recipe book.

44. Defendants' misappropriation of Plaintiff's trade secrets was and is willful and malicious.

45. The damages Plaintiff has suffered and will suffer in connection with the use of its property require permanent injunctive relief as well as monetary damages.

## FIFTH CAUSE OF ACTION
### (Michigan Common Law Unjust Enrichment)

46. Plaintiff repeats and incorporates by reference as though fully set forth in this paragraph, the allegations contained in paragraphs 1 through 45 of this Complaint.

47. Defendants received the recipe book and did not pay Plaintiff for the value of the recipe book.

48. It would be inequitable to allow Defendants to retain the benefit of the use of the recipe book without compensating Plaintiff.

49. Plaintiff has been damaged by Defendants' unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1. Under all claims for relief, that a permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunction, from:

   a. Imitating, copying or making unauthorized use of any of the Peachwave trademarks;

   b. Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any

      service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Peachwave trademarks;

   c. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Peachwave trademarks in connection with a promotion, advertisement, display, sale, offering for sale, manufacturer, production, circulation, or distribution of any service or product;

   d. Using any false designation of origin or false description (including, without limitation, any letters or symbols constituting the Peachwave trademark, or performing the act which can, or is likely to, lead to members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Plaintiff or the Peachwave trademarks, or is sold, manufactured, licensed, sponsored, approved or authorized by Peachwave;

   e. Transferring, cosigning, selling, shipping or otherwise moving any goods, packaging, or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to any or all of the Masquerade trademarks;

   f. Engaging in any other activity constituting unfair competition with Peachwave with respect to the Peachwave trademark, or constituting infringement of any or all of the Peachwave trademarks, or of Peachwave's rights, or to use or exploit, any or all of the Peachwave trademarks;

   g. Instructing, assisting, aiding or abetting any other person or business entity, engaging in or performing any of the activities referred to in paragraphs a through f above.

2. For an order directing that Defendants deliver for destruction all products, labels, signs, tags, prints, packages, videos and indoor advertising in his possession or under his control, bearing or using any or all of the Peachwave trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and any and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118;

3. For an order directly such other relief as the court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufacturer, sold or otherwise circulated or promoted by Defendant is authorized by Peachwave or related in any way to Peachwave's products or services;

4. For an order directing the Defendants file with the court and serve upon Plaintiff's counsel within 30 days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the above;

5. For an order permitting Plaintiff, and auditors for Plaintiff, to audit and inspect the books and records of Defendant for a six month period after entry of final relief in this matter to determine the scope of Defendant's past use of the Plaintiffs trademarks, including all revenues and sales related to the Defendant's use of the Peachwave trademark, as well as Defendant's compliance with orders of this Court;

6. For an order directing that Plaintiff be awarded damages in an amount sufficient to conduct a corrective advertising campaign to dispel the effects of Defendant's wrongful conduct;

7. For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorney fees;

8. For an award of Plaintiff's damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus Plaintiff's costs and attorney fees, pursuant to 15 U.S.C. § 1117;

9. For an award of Plaintiff's statutory damages of two million per counterfeit mark per type of infringing product in accordance with Section 35 of the Lanham Act (15

U.S.C. § 1117), or alternatively ordering Defendant to account to and pay to Plaintiff all profits realized by the wrongful acts and also awarding Plaintiff its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

      10.    For an award of Plaintiff's costs, attorney fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117).

      11.    For an award of Plaintiff's damages arising out of Defendant's violation of the Michigan Uniform Trade Secrets Act;

      12.    For an order requiring Defendant to file with the Court and to provide to Plaintiff, an accounting of all sales and profits realized by Defendant through the use of Peachwave's trademarks and any counterfeits thereof;

      13.    For an award of interest, including pre-judgment interest, on the foregoing sums;

      14.    For such other and further relief as the Court may deem just.

Dated: 8/27/15

/s/Andrew Longcore
Andrew S. Longcore (P73357)
THE BUSINESS LAW GROUP
PO Box 126
Allendale, MI 49401
Telephone:  (616) 528-0007
Facsimile:  (616) 588-5954
alongcore@businesslawgr.com

Counsel for Plaintiff